1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11  EMMANUEL PAUL,                        )      Case No. CV 20-2403-VAP (JEM)
                                          )
12                        Plaintiff,      )
                                          )      MEMORANDUM AND ORDER
13            v.                          )      DISMISSING COMPLAINT WITH
                                          )      LEAVE TO AMEND
14  CMC, et al.,                          )
                                          )
15                        Defendants.     )
                                          )
16  ————————————————————————————

17        On March 4, 2020, Emmanuel Paul ("Plaintiff"), a state prisoner proceeding pro se,

18  filed a complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the United States District

19  Court for the Northern District of California.  On March 11, 2020, the case was ordered

20  transferred to this Court.

## SCREENING STANDARDS

21
22        In accordance with the provisions of the Prison Litigation Reform Act of 1995, the

23  Court must screen the Complaint to determine whether the action: (1) is frivolous or

24  malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary

25  relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b); 42

26  U.S.C. § 1997e(c)(1).  This screening is governed by the following standards:

27        A complaint may be dismissed as a matter of law for failure to state a claim for two

28  reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

1   901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

2   which relief may be granted, allegations of material fact are taken as true and construed in

3   the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

4   1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

5   allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of

6   a civil rights complaint may not supply essential elements of the claim that were not initially

7   pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8          Although a complaint "does not need detailed factual allegations" to survive

9   dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

10  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

11  550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

12  Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

13  sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

14  possible or conceivable.  Id. at 557, 570.

15         Simply put, the complaint must contain "enough facts to state a claim to relief that is

16  plausible on its face."  Twombly, 550 U.S. at 570.  A claim has facial plausibility when the

17  complaint presents enough facts "to draw the reasonable inference that the defendant is

18  liable."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability

19  requirement, but "it asks for more than a sheer possibility that a defendant has acted

20  unlawfully."  Id.   A complaint that pleads facts that are merely consistent with liability stops

21  short of the line between possibility and plausibility.  Id.

22         In a pro se civil rights case, the complaint must be construed liberally to afford

23  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

24  623 (9th Cir. 1988).  Unless it is clear that the deficiencies in a complaint cannot be cured,

25  pro se litigants are generally entitled to a notice of a complaint's deficiencies and an

26  opportunity to amend prior to the dismissal of an action.  Id. at 623.  Only if it is absolutely

27  clear that the deficiencies cannot be cured by amendment should the complaint be

28

2

1  dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir.

2  2007).

3        After careful review and consideration of the Complaint under the relevant standards

4  and for the reasons discussed below, the Court finds that the Complaint must be

5  **DISMISSED WITH LEAVE TO AMEND.**

6  **ALLEGATIONS OF THE COMPLAINT**

7        Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR")

8  and California Men's Colony ("CMC") as Defendants.  (Complaint at 1, 2.)[1]

9        It appears that Plaintiff is attempting to assert an Eighth Amendment claim based on

10  the unavailability of a therapeutic diet and a Fourteenth Amendment due process claim

11  based on the confiscation of his property when he was transferred to CMC-West in or about

12  May 2019.  (Id. at 3, 5.)  Plaintiff seeks monetary damages.  (Id. at 3.)

13  **DISCUSSION**

14  **I.    THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8**

15        The Complaint is subject to dismissal for failure to comply with Fed. R. Civ. P. 8.

16  Rule 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim

17  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

18  what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555

19  (internal citation omitted).  To comply with Rule 8, a plaintiff should set forth "who is being

20  sued, for what relief, and on what theory, with enough detail to guide discovery."  McHenry

21  v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  Conclusory allegations are insufficient.  See

22  Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-

23  unlawfully-harmed-me accusation"; a pleading that "offers labels and conclusions or a

24  formulaic recitation of the elements of a cause of action will not do.") (internal quotation

25  marks and citation omitted).

26

27

28

---

[1]  The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

1    Plaintiff's Complaint does not comply with the standards of Rule 8. His factual

2  recitation is unclear and confusing. He fails to identify any individual defendants or how

3  they were involved in the alleged constitutional violations. Thus, no individual defendant

4  would be able to ascertain the nature and basis of Plaintiff's claims. Plaintiff's failure to

5  plainly and succinctly provide any defendant with fair notice of the bases for his claims

6  violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th

7  Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104,

8  1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic

9  pleading requirements.").

10    Thus, the Complaint should be dismissed with leave to amend for failure to comply

11  with Rule 8.

12  **II.    CLAIMS AGAINST CDCR AND CMC ARE BARRED BY THE ELEVENTH**

13  **AMENDMENT**

14    Plaintiff names CDCR and CMC as Defendants. (Complaint at 1, 2.) Plaintiff's

15  claims are barred by the Eleventh Amendment.

16    The Eleventh Amendment bars federal jurisdiction over suits by individuals against a

17  State and its instrumentalities, unless the State consents to waive its sovereign immunity or

18  Congress abrogates it. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,

19  99-100 (1984). To overcome this Eleventh Amendment bar, the State's consent or

20  Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. While

21  California has consented to be sued in its own courts pursuant to the California Tort Claims

22  Act, such consent does not constitute consent to suit in federal court. See BV Engineering

23  v. Univ. of California, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp.

24  v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution

25  does not constitute a waiver of California's Eleventh Amendment immunity). Finally,

26  Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C.

27  § 1983. CMC is a prison facility operated by CDCR. Because CDCR is a state agency, it is

28  immune from civil rights claims raised pursuant to Section 1983. See Pennhurst, 465 U.S.

1  at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."); see

2  also Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment

3  bars claim for injunctive relief against Alabama and its Board of Corrections).

4       If Plaintiff chooses to file an amended complaint, he should not name CDCR or CMC

5  as defendants.  Rather, he should name as defendants those individuals who were

6  personally involved in the alleged constitutional violations.  See Taylor v. List, 880 F.2d

7  1040, 1045 (9th Cir. 1989) (no respondeat superior liability under Section 1983); see also

8  Crowley v. Bannister, 734 F.2d 967, 977 (9th Cir. 2013) (must show defendant was

9  personally involved in constitutional deprivation or there is a sufficient causal connection

10  between defendant's wrongful conduct and the constitutional violation).

11  **III.    THE COMPLAINT FAILS TO STATE A DUE PROCESS CLAIM**

12       Plaintiff appears to allege that the confiscation of his property upon his transfer to

13  CMC-West violated his Fourteenth Amendment due process rights.  (Complaint at 2-5.)

14       A negligent or intentional unauthorized deprivation of property under color of state

15  law does not violate due process if state law affords a meaningful postdeprivation remedy.

16  Hudson v. Palmer, 468 U.S. 517, 533 (1984);  Parratt v. Taylor, 451 U.S. 527, 543-44

17  (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Barnett v.

18  Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  The Ninth Circuit has held that

19  California law provides an adequate postdeprivation remedy for property deprivations

20  caused by public officials.  Barnett, 31 F.3d at 816-17; see also Cal. Gov't Code §§

21  810-895.  Whether Plaintiff succeeds in redressing his alleged loss through the available

22  state remedies is immaterial; it is the existence of those alternative remedies that bars him

23  from pursuing a § 1983 procedural due process claim.  See Parratt, 451 U.S. at 544

24  ("Although the state remedies may not provide the respondent with all the relief which may

25  have been available if he could have proceeded under § 1983, that does not mean that the

26  state remedies are not adequate to satisfy the requirements of due process."); accord

27  Dennison v. Ryan, 552 F. App'x 414, 418 (9th Cir. 2013).

28

5

1    It does not appear, therefore, that Plaintiff's due process claim can succeed.  See,

2    e.g., Arellano v. Self, No. 15-02300, 2016 WL 4430923, at *2 (S.D. Cal. Aug. 22, 2016)

3    (dismissing plaintiff's claim that prison officials deprived him of due process by charging

4    trust account for certain debts because California provides adequate postdeprivation

5    remedy); Magallon v. Ventura Cty. Sheriff's Dept., No. 11-07053, 2011 WL 4481288, at *5

6    (C.D. Cal. Sept. 27, 2011) (dismissing plaintiff's claim that jail officials deprived him of due

7    process by failing to return property that was confiscated during booking because California

8    law provides adequate postdeprivation remedy); Bettis v. Blackstone, No. 08-01561, 2009

9    WL 2971364, at *2 (E.D. Cal. Sept. 11, 2009) (finding that plaintiff could not state

10   cognizable claim based on prison's alleged failure to deposit money into trust account

11   because California law provides adequate postdeprivation remedy).

12   If Plaintiff chooses to file an amended complaint, he should consider not including a

13   due process claim based on the deprivation of his property because it appears such a claim

14   fails as a matter of law.

15   **IV.    THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM**

16   Plaintiff appears to allege that his Eighth Amendment rights were violated when he

17   was denied "a therapeutic diet for his kidney" when he was transferred to CMC-West.

18   (Complaint at 3.)

19   The Eighth Amendment's prohibition against cruel and unusual punishment imposes

20   a duty on prison officials to "provide humane conditions of confinement."  Farmer v.

21   Brennan, 511 U.S. 825, 832 (1994).  Although it appears that Plaintiff may have been a

22   pretrial detainee, and not a prisoner, and his rights with respect to the conditions of his

23   confinement come "under the Fourteenth Amendment" and not the Eighth Amendment, his

24   rights "are comparable to prisoners' rights under the Eighth . . . [as courts] apply the same

25   standards."  Frost v. Agnos, 152 F.3d 1123, 1128 (9th Cir.1998).  Like prisoners, pretrial

26   detainees are guaranteed to receive "adequate food, clothing, shelter, sanitation, and

27   medical care."  Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Minimal deviations

28   from comfortable conditions that do not last for an extended time period are considered "de

1  minimis injuries" and do not "constitute a constitutional violations." See Bell v. Wolfish, 441

2  U.S. 520, 539 (1979).  "The Constitution does not mandate comfortable prisons, but neither

3  does it permit inhumane ones." Farmer, 511 U.S. at 832.

4        To properly plead "cruel and unusual" punishment, a prisoner or pretrial detainee

5  must allege facts which demonstrate that he was confined under conditions posing a risk of

6  "objectively, sufficiently serious" harm and that prison officials had a "sufficiently culpable

7  state of mind." Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995).  Thus, there is both

8  an objective and subjective component to the inquiry.  Hallett v. Morgan, 296, F.3d 732, 744

9  (9th Cir. 2002).  More specifically, in order to state a viable conditions of confinement claim,

10  a plaintiff first must plead facts sufficient to show that he was subjected to an objectively

11  serious deprivation of "the minimal civilized measure of life's necessities." Farmer, 511 U.S.

12  at 832.  The "routine discomfort inherent in the prison setting" is inadequate to satisfy the

13  objective prong of the inquiry.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 1999).

14  Second, a plaintiff must demonstrate the prison official's subjective "culpable state of mind"

15  by showing the official acted with "deliberate indifference" to his health or safety.  Farmer,

16  511 U.S. at 834.  This requires the prisoner to allege facts demonstrating that the official

17  displayed a subjective indifference "to a substantial risk of serious harm." Frost, 152 F.3d

18  at 1128.  "Deliberate indifference" is evidenced only when "the official knows of and

19  disregards an excessive risk to inmate health or safety; the official must both be aware of

20  facts from which the inference could be drawn that a substantial risk of serious harm exists,

21  and he must also draw the inference." Farmer, 511 U.S. at 837.  If an official "should have

22  been aware of the risk, but was not, then the [official] has not [violated a party's

23  Constitutional rights], no matter how severe the risk." Gibson v. County of Washoe, 290

24  F.3d 1175, 1187 (9th Cir.2002).

25        Plaintiff alleges that he was deliberately transferred to CMC-West, even though

26  unnamed officials knew that Plaintiff was "on a therapeutic diet for his kidney which [CMC-

27  West] [did] not provide."  (Complaint at 3.)  Plaintiff acknowledges that he was transferred to

28  CMC-East, where his special diet could be accommodated, after he filed a complaint.  (Id.)

7

1    These allegations are insufficient to plead an Eighth Amendment claim. Plaintiff has

2 failed to allege facts demonstrating an objectively serious deprivation of "the minimal

3 civilized measure of life's necessities" or that prison officials acted with "deliberate

4 indifference" to his health or safety. <u>Farmer</u>, 511 U.S. at 832, 834. Plaintiff may amend his

5 pleadings in order to allege sufficient facts to establish an Eighth Amendment violation

6 under the standards set forth above.

7                                    *************

8    For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**

9 **AMEND**.

10    If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended

11 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

12 discussed above.

13    If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket

14 number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out

15 exactly in accordance with the directions on the form; and (4) be complete in and of itself

16 without reference to the previous complaints or any other pleading, attachment, or

17 document. The Clerk is directed to provide Plaintiff with a blank Central District of California

18 civil rights complaint form, which Plaintiff must fill out completely and resubmit.

19    Plaintiff is advised to follow the directives set forth above. The First Amended

20 Complaint must name and clearly identify each defendant and the action that defendant

21 took that allegedly violated Plaintiff's constitutional rights. These allegations should be

22 within the body of the First Amended Complaint. The Court is not required to review

23 exhibits to determine what Plaintiff's charging allegations are as to each named defendant.

24

25

26

27

28

1       **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**

2 **deadline set herein, the Court may recommend that this action be dismissed for**

3 **failure to prosecute and failure to comply with a Court order.**

4

5

6   DATED: <u>July 13, 2020</u>                 <u>*/s/ John E. McDermott*</u>

7                                               JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28